UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GARRETT,

        Petitioner,

v.                                              Civil Action No.: 07-13038
                                                Honorable Patrick J. Duggan

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on April 24, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On July 20, 2007, Petitioner Robert Garrett ("Petitioner), a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his November 19, 1993 conviction in the Wayne County Circuit Court for first-degree felony murder in violation of MICH. COMP. LAWS ANN. § 750.316 and armed robbery in violation of MICH. COMP. LAWS ANN. § 750.529. In response to the petition, Respondent filed a motion for summary judgment claiming that the petition is barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). For the reasons that follow, the Court holds that

Petitioner's application for a writ of habeas corpus is untimely and therefore dismisses the petition with prejudice.

## Background

On November 19, 1993, Petitioner was convicted of first-degree felony murder and armed robbery following a bench trial in Wayne County Circuit Court. On December 8, 1993, the trial court sentenced Petitioner to life imprisonment for the felony murder conviction and imprisonment for ten years to life for the armed robbery conviction. Petitioner thereafter filed a direct appeal. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on April 6, 1995. *People v. Garrett*, No. 161620 (Mich. Ct. App. April 6, 1995) (unpublished opinion). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which the Court denied on November 29, 1995. *People v. Garrett*, 450 Mich. 930, 543 N.W.2d 317 (1995).

On May 19, 2005, Petitioner filed a motion for relief from judgment in the state trial court. The trial court denied the motion on July 15, 2005. While the motion was pending, Petitioner filed a second supplemental motion for relief from judgment. The trial court denied that motion on August 10, 2005. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on December 6, 2006. *People v. Garrett*, No. 270821 (Mich. Ct. App. Dec. 6, 2006) (unpublished opinion). Petitioner's subsequent application for leave to appeal to the Michigan Supreme Court was denied on June 26, 2007. *People v. Garrett*, 478 Mich. 925, 733 N.W.2d 47 (2007).

On July 20, 2007, Petitioner filed the pending application for a writ of habeas corpus. In support of his request for relief, Petitioner raises claims concerning the effective assistance of his trial and appellate counsel, he asserts that he was actually innocent of the crimes for which he was convicted, and he alleges cumulative errors by the trial court.

## Discussion

The AEDPA became effective on April 24, 1996. The AEDPA governs the filing date for this case because Petitioner filed his pleadings after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

>review; or

>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period to file their federal habeas petitions. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Petitioner's conviction became final prior to April 24, 1996.[1] Accordingly, unless subsection (B), (C), or (D) of § 2244(d)(1) apply, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner does not base his request for habeas relief on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). He also does not claim that State action prevented

---

[1] As indicated above, on direct appeal, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal on November 29, 1995. Petitioner's conviction became final after he failed to file a petition for writ of certiorari in the United States Supreme Court and the ninety days to file such a petition expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

4

him from filing a timely application. *Id*. § 2244(d)(1)(B). Finally, none of Petitioner's grounds for relief are predicated on facts discovered since his trial. *See* 28 U.S.C. § 2244(d)(1)(D). Thus Petitioner was required to file his federal habeas petition on or before the expiration of the AEDPA's April 24, 1997 grace period.

Petitioner filed his federal habeas petition more than ten years after the AEDPA's grace period expired. Because Petitioner did not file his applications for state post-conviction review until after the expiration of the AEDPA's one-year grace period, those applications have no effect on the tolling of the statute of limitations. 28 U.S.C. § 2244(d)(2); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Winkfield v. Bagley*, 66 Fed. App'x 578, 581 (6th Cir. 2003) (citing *Webster* to hold that "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") Petitioner's belated post-conviction review in state court did not re-start the limitations period. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner therefore did not timely file his application for habeas relief under the statute of limitations set forth in the AEDPA.

Because the AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses a deadline still may maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S. Ct. 649 (2001). "The petitioner bears the burden of demonstrating that he [or she] is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The Sixth Circuit has set forth a number

5

of factors related to a petitioner's notice of the filing requirement that a court must consider to decide whether equitable tolling should apply. *Dunlap*, 250 F.3d at 1008. Petitioner, however, does not argue that he failed to timely file his habeas petition due to a lack of actual or constructive knowledge of the filing requirement. Instead, he argues that the statute of limitations should be equitably tolled because he actually is innocent of the crimes for which he was convicted.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the AEDPA's one-year statute of limitations. *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner "must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Petitioner does not present new evidence to support his actual innocence claim. He therefore fails to demonstrate that he is entitled to equitable tolling of the AEDPA's one-year statute of limitations period.

For the above reasons, the Court holds that Petitioner's application for a writ of habeas corpus is barred by the AEDPA's statute of limitations.

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**.

<pre>
                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE
</pre>

Copies to:
Robert Garrett, #200730
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI   49442

Bradley H. Beaver, Esq.